IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SAMUEL J. GROOMS                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:17-CV-191-SA-DAS

DOLGENCORP, LLC,
*doing business as*,
DOLLAR GENERAL                                                                                      DEFENDANT

ORDER AND MEMORANDUM OPINION

Samuel Grooms filed his Complaint in this Court on November 15, 2017 against his former employer Dolgencorp LLC, doing business as Dollar General, under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), asserting that the Defendant's refusal to return the Plaintiff to his employment is a violation of federal law under USERRA and state law under Mississippi Code Section 33-1-15. Now before the Court is the Defendant's Motion [44] for Summary Judgment and the Plaintiff's Motion to Strike [49] certain exhibits to the Defendant's Memorandum in Support of summary judgment [45]. The issues are fully briefed and ripe for review.

*Motion to Strike*

Before addressing the Defendant's Motion [44] for Summary Judgment, the Court must first determine whether it may consider the two declarations offered by the Defendant in support of its Motion for Summary Judgment. *See* [44-1, 44-7]. Pursuant to Federal Rules of Civil Procedure 26(a)(A)(i) the Plaintiff moves to strike the Declarations of Angie Roy [44-1] and Diana Bejarano [44-7]. The Plaintiff asserts that the Defendant failed to identify Roy and Bejarano in its Initial Disclosures and the Plaintiff was not given the opportunity to depose these individuals during the discovery period.

Rule 26(a)(A)(i) provides, in pertinent part:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

In the Defendant's Initial Disclosures, the Defendant stated that it may call a representative of the Human Resources Department to testify "regarding relevant company policies and procedures, particularly those policies and procedures related to leaves of absences by employees for military service." Also in its Initial Disclosures, the Defendant stated that a representative from Matrix would testify "regarding Matrix's records and the absence of any record of communications with Plaintiff regarding his military leave." The Defendant argues that the Plaintiff cannot be surprised by Roy or Bejarano's declarations, because both declarations address precisely the matter described in the Defendant's Initial Disclosures. The Defendant also notes that the Plaintiff chose not to pursue a Federal Rule of Civil Procedure 30(b)(6) deposition. Finally, the Defendant argues that the Plaintiff failed to identify any specific prejudice resulting from the use of representative designations instead of individual names.

Federal Rule of Civil Procedure 37 provides "if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003). In evaluating whether a violation of Rule 26 is harmless

2

the Fifth Circuit has identified four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id*. at 402.

The evidence provided by the declarations outline the procedures of two corporate entities. Roy's declaration describes her job duties as the Director of Human Resources Shared Services, the employment statistics of Dollar General, and a brief overview of Dollar General's military leave policy. The evidence contained in Roy's declaration is not dispositive and likely unimportant to any potentially disputed facts in this case. Bejarano's deposition discusses when she began her job as store manager and describes the first time she met the Plaintiff. While minimal, Bejarano's deposition does provide some factual information, but the evidence is not dispositive and would likely have little effect on any potentially disputed facts of this case. Due to the nature of the evidence, the Court finds that any potential prejudice to the Plaintiff is slight. Next, the potential prejudice to the Plaintiff might be cured by allowing the Plaintiff to depose Bejarano. However, the Court finds such allowance improper. As explained by the Defendant, the Defendant did not fail to disclose that a corporate representative would testify to the information contained in the declarations, but rather failed to disclose the individual identities of the corporate representatives.[1] Accordingly, the Plaintiff's Motion [49] to Strike is denied.

*Factual and Procedural Background*

In May 2015, a few months before his high school graduation, the Plaintiff joined the Army National Guard. In September 2016, Dollar General hired the Plaintiff as a lead sales associate, and the Plaintiff became an assistant manager in February 2017. In April 2017, the Plaintiff was

---

[1] In addition to the Defendant's explanation, the Court also considers that the Plaintiff has not requested to depose Bejarano. In his Motion [49] to Strike, the Plaintiff merely states that he did not have an opportunity to depose her. The Court finds that allowing the Plaintiff to depose Bejarano, when little prejudice exists, if any, is improper.

3

called to active duty at Fort Irwin, California for a period of approximately six weeks. According to the Defendant, the Dollar General employee handbook instructs employees to notify their manager of the need to take leave and to contact Matrix Absence Manager ("Matrix"), the third-party administrator Dollar General uses to handle its leave of absence management, to report their leave. It is undisputed that the Plaintiff did not contact Matrix before leaving but did advise the store manager of his need for leave. Matt Mahan, the district manager, confirmed that the store manager notified him of the Plaintiff's military leave. The Plaintiff claims he did not contact Matrix prior to leaving because he was not told to do so. Mahan claims that the store manager told the Plaintiff to contact Matrix, but it is unclear whether the store manager did so.

While the Plaintiff was deployed, the store manager transferred to a different Dollar General store. Kathy Greer, who had never met the Plaintiff, then took over as the store manager at the Dollar General store where the Plaintiff worked.

Before the Plaintiff returned from leave, Dollar General's Leave Administration and Regional Human Resources informed Mahan that he could, and should, file the Plaintiff's request for leave with Matrix on his behalf. Mahan did not do so. When the Plaintiff returned from leave in June 2017, Mahan and the Plaintiff spoke over the phone regarding the Plaintiff's return from leave and his interest in returning to work. Mahan told the Plaintiff to contact Matrix. According to the Plaintiff, he called the number Mahan gave him and Matrix advised him that he could return to work in approximately two weeks. Conversely, the Defendant asserts the Plaintiff's phone records conclusively establish that the Plaintiff did not call Matrix. The Plaintiff claims he was officially terminated in August 2017. The Defendant asserts that Dollar General employed the Plaintiff as an Assistant Store Manager until May 2017.

*Summary Judgment Standard*

A party is entitled to summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). In evaluating whether summary judgment is appropriate, the Court must review all well-pleaded facts in the light most favorable to the nonmoving party. *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The nonmoving party, however, cannot rely on conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments for showing a genuine issue for trial. *Id*.

*Discussion*

USERRA serves three purposes: (1) "to encourage noncareer service in the uniformed services" by reducing employment disadvantages; (2) to provide "for the prompt reemployment"

of persons in the uniformed services upon completion of such service; and (3) "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a). The term "uniformed services" includes "the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty[.]" 38 U.S.C. § 4303(16). USERRA contains two sections relevant in this case and each provide "distinct causes of action." *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 545 (5th Cir. 2013).

I. Claim under Section 4312 of USERRA

USERRA's reemployment provision "protects the employment of those returning to their former civilian jobs after temporary military duty." *Bradberry*, 732 F.3d at 545. Section 4312 provides for the reemployment rights of an employee "whose absence from a position of employment is necessitated by reason of service in the uniformed service." 38 U.S.C. § 4312(a). An employee entitled to reemployment under Section 4312 "shall be promptly reemployed in a position of employment." 38 U.S.C. § 4313(a). USERRA regulations provide that prompt reemployment means "as soon as practicable under the circumstances of each case" and "[a]bsent unusual circumstances, reemployment must occur within two weeks of the employee's application for reemployment." 20 C.F.R. § 1002.181.

An employee returning from service in the uniformed service is entitled to reemployment if: (1) the employee gave advance written or verbal notice of such service to such person's employer; (2) the employee's cumulative length of absences does not exceed five years; and (3) the employee timely submitted "an application for reemployment" to the employer in accordance with the provisions of subsection (e). *See* 38 U.S.C. § 4312(a). Under subsection (e), an employee whose service lasts longer than 30 days but less than 181 days must submit an application for

reemployment "not later than 14 days after the completion of the period of service." 38 U.S.C. 4312(e)(1)(C). Additionally, an employee is not entitled to reemployment if the "employee has [] been separated from service with a disqualifying discharge or under other than honorable conditions." 20 C.F.R. § 1002.32. The Defendant argues that the Plaintiff failed to meet: (1) the first prong requiring advance notice of service; and (2) the third prong requiring timely submission of an application for reemployment. *See* 38 U.S.C. § 4312(a).

(1) Advance written or verbal notice of such service to such person's employer

In its Motion [44], the Defendant argues that the Plaintiff failed to give his employer advance notice of his need for leave and thus does not qualify for reemployment under section 4312. The Plaintiff, however, did provide notice to the store manager. The store manager then notified the district manager of the Plaintiff's need for leave of absence. The Plaintiff asserts that the district manager also sent an email to the regional human resources manager regarding the Plaintiff's military leave. The Defendant argues that the Plaintiff should have provided notice through Matrix in addition to notifying his store manager.

USERRA does not dictate a specific method for providing service to a person's employer. Rather, it provides only that the person "give[] advance written or verbal notice of such service to such person's employer." 38 U.S.C. § 4312(a)(1). The USERRA regulations provide that a plaintiff satisfies this element if "[t]he employer had advance notice of the employee's service." 20 C.F.R. § 1002.32(a)(1). Describing the content of sufficient notice, the USERRA regulations also provide: "The employee's notice to the employer may be either verbal or written. The notice may be informal and does not need to follow any particular format." 20 C.F.R. § 1002.85. Under USERRA the term, "employer" means "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities . . .

7

any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph[.]" 38 U.S.C. § 4303(4)(A)(iv). Legislative history also provides some evidence as to the sufficiency of notice. "An individual who does not indicate in any way that he or she is leaving because of a military duty would no longer be protected . . ., but an individual who leaves for two or more reasons, one of which is for military duty, would continue to be protected." H.R. Rep. No. 103-65(I), at 25 (1993).

"USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects." 20 C.F.R. § 1002.7. The Defendant claims that the Plaintiff did not follow the Defendant's policy of providing notice of need for absence to Matrix, and therefore did not comply with the notice prong of USERRA's reemployment provision. The Defendant, however, may not restrict the requirements for USERRA beyond what the statute and regulations provide. *See id.*; *see also Bradberry*, 732 F.3d at n. 7. The regulations allow for "informal" notice and does not require notice "to follow any particular format." 20 C.F.R. § 1002.85. The Plaintiff undisputedly provided notice to his direct supervisor. The Plaintiff's direct supervisor then informed the district manager of the Plaintiff's need for leave. Because the USERRA regulations allow for informal notice, the Court finds that a question of material fact exists as to whether the Plaintiff provided adequate notice of his need for military leave.

(2) Timely application for reemployment

The Defendant also alleges that the Plaintiff failed to adequately submit a timely application for reemployment and thus does not qualify for reemployment under section 4312. The Defendant argues that the Plaintiff's failure to call Matrix upon his return indicates failure to apply for reemployment.

Section 4312 provides that a person seeking reemployment must submit "an application for reemployment" to the employer in accordance with the provisions of subsection (e). 38 U.S.C. § 4312(a). Under subsection (e), an employee whose service lasts longer than 30 days but less than 181 days must submit an application for reemployment "not later than 14 days after the completion of the period of service." 38 U.S.C. 4312(e)(1)(C).

The USERRA regulations provide that "the employee must notify the pre-service employer of his or her intent to return to the employment position either by reporting to work or submitting a timely application for reemployment." 20 C.F.R. § 1002.115. "An application for reemployment need not follow any particular format." 20 C.F.R. § 1002.118. The application may occur either "orally or in writing," but it "should indicate that the employee is a former employee returning from service in the uniformed services and that he or she seeks reemployment with the pre-service employer." *Id*. The regulations also provide directions as to whom the employee must submit an application for reemployment:

> The application must be submitted to the pre-service employer or to an agent or representative of the employer who has apparent responsibility for receiving employment applications. Depending upon the circumstances, such a person could be a personnel or human resources officer, or a first-line supervisor. If there has been a change in ownership of the employer, the application should be submitted to the employer's successor-in-interest.

20 C.F.R. § 1002.119.

The Defendant relies on *McGuire v. United Parcel Service* to argue that the Plaintiff's attempts to return to work are insufficient to comply USERRA's application prong. 152 F.3d 673 (7th Cir. 1998). The *McGuire* court upheld summary judgment against an employee after the employee only inquired as to the procedures for reemployment, was directed to contact human resources, and instead filed suit against the employer. *See id*. at 675. The *McGuire* court stated that

9

an "application for reemployment 'involves more than a mere inquiry.'" *Id.* at 676 (quoting *Baron v. United States Steel Corp.*, 649 F. Supp. 537, 541 (N.D. Ind. Nov. 26, 1986). Additionally, the *McGuire* court stated that "'a case-by-case determination focusing on the intent and *reasonable expectations of both the former employee and employer*, in light of all the circumstances, has been held to best serve the goals of the Act.'" *Id.* at 676-77 (quoting *Shadle v. Superwood Corp.*, 858 F.2d 437, 439 (8th Cir. 1988)) (emphasis in original). Speaking to the insufficiency of the employee's alleged application, the *McGuire* court stated, "[w]e can reasonably expect that if an applicant's former supervisor tells him to contact the personnel department about being rehired, the applicant will understand that the supervisor is deferring to someone who can take action." *McGuire*, 152 F.3d at 677-78.

The Defendant alleges that the district manager instructed the Plaintiff to call Matrix in order to return to work and argues that the Plaintiff's failure to contact Matrix, like the employee's failure to contact human resources in *McGuire*, dooms the Plaintiff's claim for reemployment. Conversely, the Plaintiff argues that his attempts to return to work through notification of the store manager and district manager satisfy the application prong of USERRA's reemployment provision. The Plaintiff alleges that he met the new store manager in person at the store and told her, "I'm looking to come back to work." The Plaintiff also asserts that he was hired by the previous store manager.

In ruling on the Defendant's Motion [44] for Summary Judgment, the Court must construe the facts in the light most favorable to the non-movant. The Court finds that an issue of fact exists as to whether the Plaintiff submitted an application to return to work. The undisputed evidence shows that the Plaintiff went to the store in person to request reemployment. Based on the Plaintiff's argument that the previous store manager hired and employed him, a question of

material fact exists as to whether the store manager had apparent responsibility for receiving employment applications. Despite the Defendant's preference that the Plaintiff submit his application for reemployment through Matrix, USERRA does not require that an employee do so. The Defendant's Motion [44] for Summary Judgment with respect to the claim under section 4312 of USERRA is denied.

I. Claim under § 4311 of USERRA

The Defendant asserts that the Plaintiff failed to plead a claim for relief under Section 4311 of USERRA. The Defendant argues that the Plaintiff raised the claim for relief under Section 4311 only in his Response [47] to the Motion for Summary Judgment. In his Complaint [1], the Plaintiff did not plead a claim for relief under Section 4311 or Section 4312. Instead, the Plaintiff cited the entire statutory scheme of USERRA in support of his claim.

Section 4311, USERRA's anti-discrimination provision, prohibits an employer from denying an employee engaged in uniform service "initial employment, reemployment, retention of employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a); *see Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004). An employer violates Section 4311 when the employee's uniformed service "is a motivating factor in the employer's action." 38 U.S.C. § 4311(c)(1). Military service need only be "one of the reasons" for the employer's decision. *Bradberry*, 732 F.3d at 545 (quoting 20 C.F.R. § 1002.22). If an employee proves that military status was a motivating factor, then "the employer has the burden to prove the affirmative defense that [the employer] would have taken the action anyway. *Id*.

11

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80 (1957)). Rule 8(e) adds that "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. Of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). This Court must determine whether the Plaintiff's allegations gave the Defendant fair notice of a discrimination claim under Section 4311.

In his Complaint the Plaintiff asserts that the "actions of Defendant in refusing to return Plaintiff to his employment are a willful and intentional violation of clear federal law under 28 U.S.C. § 4301, et seq." *See* Pl.'s Compl. [1] at ¶ 10. Thus, the Plaintiff did not specifically plead a claim under Section 4311 or Section 4312, but rather, under the whole USERRA statutory scheme. The Complaint describes the Plaintiff's employment with the Defendant and states that the Plaintiff was called to active duty in the Mississippi Army National Guard. The Complaint also alleges that the "Defendant had no intention of returning Plaintiff to his employment[.]" *See id.* at ¶ 7. Additionally, the Complaint states that the "Defendant's failure to return Plaintiff to his employment violates USERRA, which requires that Plaintiff be returned to his same employment, following his completion of military service." *See id.* at ¶ 9. However, the Complaint does not allege a single fact asserting an anti-military motive for discharging the Plaintiff and is therefore insufficient to put the Defendant on notice for a discrimination claim.

The Court finds that the Plaintiff improperly raised the claim for relief under Section 4311 in the Plaintiff's response to the Motion [44] for Summary Judgment. *See Fisher*, 895 F.2d at 1078. The Defendant's Motion [44] for Summary Judgment as to a claim for relief under section 4311 of USERRA is granted.

*Conclusion*

For all of the reasons discussed above, the Plaintiff's Motion [49] to Strike is DENIED. The Defendant's Motion [44] for Summary Judgment is denied in part and granted in part. The Defendant's Motion for Summary Judgment with respect to the claim under section 4312 of USERRA is DENIED. The Defendant's Motion for Summary Judgment as to a claim for relief under section 4311 of USERRA is GRANTED.

SO ORDERED, this 3rd day of June, 2019.

                                                 /s/ Sharion Aycock
                                                 UNITED STATES DISTRICT JUDGE